This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                   **NO. 35,624**

**DAVID LEE PAGE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III
Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant appeals a trafficking conviction, challenging the sufficiency of the evidence to support his conviction and asserting evidentiary and instructional error. [MIO 4, 6, 9] This Court's notice of proposed summary disposition proposed to hold that the evidence offered at trial was sufficient to support the verdict rendered and that no evidentiary or instructional error occurred at trial. [CN 3, 5, 7] Defendant has filed a memorandum in opposition to that disposition, which we have duly considered. Unpersuaded, we now affirm.

{2}     With regard to the sufficiency of the evidence, Defendant asserts that the jury should have disbelieved the testimony of an informant whose "motives render her credibility suspect." [MIO 5] This Court, however, does not assess the credibility of witnesses, as that function is the sole province of the trier of fact at trial. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482

{3}     With regard to evidentiary error, Defendant continues to assert that a detective should not have been permitted to testify regarding whether the informant appeared to be under the influence of drugs at the time of the events she described. [MIO 6-9] Specifically, Defendant asserts that a proper foundation may not have been laid for the detective's lay opinion by asking him to "explain his knowledge and experience as to a person's behavior while under the effects of methamphetamine." [MIO 7] The only foundation necessary for the admission of lay opinion, however, "is a showing of first-hand knowledge and a rational connection between the observations made and the

2

opinion formed." *City of Farmington v. Fawcett*, 1992-NMCA-075, ¶ 39, 114 N.M. 537, 843 P.2d 839. There appears to be no dispute that the detective had first-hand knowledge of the informant's appearance and demeanor both prior to and immediately after the relevant events. Under such circumstances, an opinion of whether or not the informant was under the influence of drugs would be "well within the bounds of what a normal person would form on the basis of his observations." *State v. Luna*, 1979-NMCA-048, ¶ 20, 92 N.M. 680, 594 P.2d 340.

{4}     And, finally, with regard to instructional error, Defendant continues to assert error in the use of an instruction that included three different means of finding intent to distribute methamphetamine. [MIO 9-11] Specifically, Defendant asserts that the instruction did not comply with a use note and "stood to confuse the jury as to what it was expected to determine and how." [MIO 10] Defendant does not, however, posit any scenario or set of findings that could have led the jury in this case to convict him without, in the process, having determined that he actually did commit the crime of trafficking by distribution. Instead, he asserts that "the jury could have misunderstood that it was able to convict if it believed that [Defendant] intended to do something wrong, even if the State failed to prove what he did." [MIO 10-11] We disagree.

{5}     In addition to intent, the instruction required the State to prove that Defendant actually transferred methamphetamine to the informant. [RP 115] With regard to intent, the jury was required to find that Defendant knew he was selling

3

methamphetamine, believed he was selling methamphetamine, or believed that he was selling "some drug or other substance the possession of which is regulated or prohibited by law." [Id.] It would appear that under any possible set of findings the jury used to find Defendant guilty pursuant to the instructions given, Defendant would, of necessity, be guilty of trafficking by distribution.

{6}     Ultimately, as our notice of proposed summary disposition pointed out, the relevant standard of review in this appeal

> requires that  we review the instructions "as a whole to determine whether they provide a correct statement of the law." *State v. Tafoya*, 2010-NMCA-010, ¶ 45, 147 N.M. 602, 227 P.3d 92. Thus, even where an instruction is not in strict compliance with a use note, this Court will affirm if the "instruction accurately presented the applicable law." *Id.* ¶ 46 (holding that use of alternative instruction was not reversible error).

[CN 6]

{7}     Defendant does not assert that the instructions failed to accurately state the law, and we do not find that the instruction given amounted to reversible error.

{8}     The judgment and sentence entered below is affirmed.

{9}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

4

_____

**STEPHEN G. FRENCH, Judge**